These appeals are from orders granting summary judgments and the question presented is whether there was a material issue of fact as to who owned an automobile involved in an accident, and whether the driver of that automobile was an agent of the owner. *Page 946 
The law on the propriety of summary judgments is clear. A summary judgment is properly granted only if the pleadings and affidavits show that there is no genuine issue of material fact on which the summary judgment is sought. The moving party must, therefore, be entitled to the relief sought strictly as a matter of law. It is the moving party's burden to clearly show that the other party cannot recover under any discernible set of circumstances. Ancora Corporation v. Miller Oil PurchasingCompany, 361 So.2d 1008 (Ala. 1978). If there is a scintilla of evidence supporting the position of the non-moving party, a summary judgment may not properly be granted. Campbell v.Alabama Power Company, 378 So.2d 718 (Ala. 1979).
Appellants contend that they presented at least a scintilla of evidence on the question of ownership of the automobile and on the question of agency to preclude the grant of summary judgment. Normally, whether one is an agent of another is a question of fact for determination by the jury. Cashion v.Ahmadi, 345 So.2d 268 (Ala. 1977). Generally, summary judgment on the issue of agency would, therefore, be inappropriate.Moses v. American Home Assurance Company, 376 So.2d 656 (Ala. 1979).
The determination of the appropriateness of summary judgment in every case hinges upon whether, based on the affidavits and testimony presented, there was a genuine issue of material fact. Rule 56 (e), ARCP, regarding the form of affidavits used in connection with summary judgment, states:
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . .
The committee comments relative to Rule 56 (e) state:
 Affidavits to be considered on a motion for summary judgment must be made on personal knowledge and show affirmatively that the affiant is competent to testify as to the matters stated, and they may only set forth such facts as would be admissible in evidence. Rule 56 (e). Thus the court is not to consider statements in affidavits based on hearsay, or otherwise, inadmissible. E.g., Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952); Jameson v. Jameson, 176 F.2d 58 (D.C. Cir. 1949); United States v. Britten, 161 F.2d 921 (D.C. Cir. 1949); 6 Moore's Federal Practice, ¶ 56.22 (2d ed. 1953).
Based upon the foregoing legal principles, we now consider the record before the trial court to determine whether that court erred in granting summary judgment in this case.
The accident occurred in Escambia County, at approximately 10 p.m. on October 16, 1978. One automobile involved in the accident was being operated by one Samuel Thomas. The plaintiffs-appellants, Pauline Oliver and Irene Sawyer were occupants of the other automobile involved in the accident. The filed separate lawsuits, naming as defendants, Samuel Thomas, the driver, and Johnny Taylor, a general contractor in Atmore, Alabama, Tony Spillman, Baldwin Pole and Piling Leasing Corporation, and fictitious parties.
Defendant Johnny W. Taylor is in the general contracting business in Atmore, Alabama, and is the employer of Samuel Thomas, the driver of the automobile. Taylor was named as a party-defendant upon the theory that Thomas was Taylor's agent at the time of the accident, and that Taylor owned the automobile which Thomas was driving at the time of the accident.
Taylor filed a motion for summary judgment supported by his affidavit which stated that Thomas was not working for him at the time of the accident because he had completed his day's work several hours before; that Thomas was not acting as his agent, servant or employee; and that he did not own the automobile Thomas was operating; and that Thomas was not engaged in any type of business venture in his or his company's behalf.
The plaintiffs filed counter-affidavits made by Billie Ray Jones, the son of one of the plaintiffs and the nephew of the other, *Page 947 
and by Floyd Holk, the owner of a car salvage business, who bought the wrecked automobile which had been driven by Thomas at the time of the accident.
Jones, in a counter-affidavit, stated that he had the check given by Holk to Taylor, which was endorsed by Taylor.
During the hearing on motion for summary judgment, which appellants chose not to attend, even though they had notice, Taylor admitted that he got the check, but he denied he owned the car. He testified:
 Q. There's been an affidavit filed in this cause that was signed by Billy Jones. Have you seen this affidavit? (Document handed to the witness.)
A. Yes.
 Q. And there's some indication in this affidavit that you represented to Mr. Holk that the automobile that Mr. Thomas was driving was owned by you. Was that automobile owned by you?
A. No. It was not.
 Q. Did you ever receive a check from Mr. Holk for the salvage value of this automobile?
 A. I did receive a check for the salvage value of the car.
 Q. Will you explain to the court the circumstances under which you received that check?
 A. Samuel Thomas was in the hospital from injuries that was in the wreck. I acted as agent for him selling the car which the check made out payable to me so I could cash the check and pay it on bills that he had. That's the onlyist connection that I had with the car.
Q. And the automobile was not owned by you?
A. No.
Q. It was not used in your business?
A. No.
 Q. He was not on a business venture for you at that time the accident took place?
A. None at all.
The trial court, at the conclusion of Taylor's testimony, granted summary judgments in favor of Taylor, and since the order adjudicated fewer than all the claims involved in the action, the court certified that there was no just reason for delay and directed the entry of final judgments. Rule 54 (b), ARCP.
The only issue presented on appeal is whether it was error for the trial court to grant summary judgments. More precisely, the issue is whether the appellants presented a scintilla of evidence which tended to show that Taylor was the owner of the automobile involved in the accident or whether Taylor met his burden of showing that there was no genuine issue of material fact on the question of agency or ownership of the vehicle.
Taylor admitted that he received the check referred to in the Jones and Holk counter-affidavits. The fact that Taylor admitted that he received a check as payment for the salvage value of the car, standing alone, would have been sufficient evidence to make the question of the ownership of the car a material question of fact in the usual case, but in this case, Taylor responded to the counter-affidavits by denying that he owned the car and explaining the reason why the check was made payable to him. In other words, he negated any inference of ownership which could have been drawn from the fact that the check was made payable to him.
In fact, Taylor's testimony could be said to correspond with the fact stated in the Holk counter-affidavit:
 Sometime in October I bought a 1964 Ford automobile from Johnny Taylor. This automobile had been involved in a collision with a truck that had run into another car. We picked up the car with our wrecker. I do not know whether Mr. Taylor owned the car, of if he was selling it for an employee in an attempt to help him out. [Emphasis added.]
We are keenly aware that the scintilla rule applies to the grant of the summary judgment; however, under the facts of this *Page 948 
case, we find that the trial court did not err in granting summary judgment.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.