MONROE, Judge.
In September 1993, Noel and Margaret Turner purchased a residence at 2555 Wagon Wheel Drive in Mobile from Larry and Sharron Hansen. In August 1993, the Hansens had hired Debbie Gautreaux, a real estate agent with Century 21 Reeves Realty, Inc., to handle the sale of their home.
Soon after the Turners moved into the house, the office and study area adjacent to the master bedroom flooded. In February 1993, six months before the Hansens put their house on the market, the same area of the house had flooded during a heavy rain. The Turners sued the Hansens, Gautreaux, and Century 21, claiming that they had asked about the drainage of surface waters before purchasing the house, but were told that there were no problems.
The Turners’ complaint alleged fraudulent misrepresentation, fraudulent concealment, fraudulent inducement, negligence and wantonness. The defendants filed properly supported motions for summary judgments. After hearing arguments on the motions, the trial court entered a summary judgment for each of the defendants. The Turners appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that there is no material fact in dispute, and all reasonable inferences from the evidence are to be viewed in the light most favorable to the nonmovant. Id.
Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The Turners argue that the trial court erred in entering the summary judgment because, they say, after they inspected the property and saw the slope of the backyard, the lack of grass on the backyard slope, and the drains in the backyard, they specifically asked their real estate agent, Jerry Bolton, to ask whether the property had a drainage problem. The Turners contend that, despite being aware of prior flooding problems, Gautreaux, as agent of the Han-sens and Century 21, assured Bolton that there were no drainage problems and that the reason there was no grass in the backyard was that a previous owner had had at least one dog that ran loose in the yard.
In their depositions, Bolton and Gautreaux both said that Bolton did not specifically ask about the drains near the house, just outside the office and study area. In his deposition, Bolton said he did ask Gautreaux about a drain from the wall in the rear of the backyard, the slope of the yard, and the absence of grass in the yard. He said that he “simply *375 said to her, ‘Is there anything about those conditions, Debbie, that ought to be a concern? Is the lot gonna wash away tomorrow or, you know, are there problems there that the folks need to be concerned about?’ ”
The law is well settled in Alabama that “there is no implied warranty of habitability in the sale of used residential real estate, and the rule of caveat emptor still applies in such a sale.” Cato v. Lowder Realty Co., 630 So.2d 378, 382 (Ala.1993); Ray v. Montgomery, 399 So .2d 230 (Ala.1980); § 6-5-102, Ala.Code 1975.
“[The rule is not applicable, however,] when the purchaser of a used house inquires directly (either of the seller or of the seller’s agent), prior to closing, about a material defect or condition of the home. If the agent is questioned directly, and the agent assumes the obligation to inspect the house for the defects inquired about and to disclose his findings to the buyer, the law imposes on the agent the duty of truthful disclosure of all material facts revealed by the inspection. [Citations omitted.]
“Moreover, if the agent (whether of the buyer or of the seller) has knowledge of a material defect or condition that affects health or safety and the defect is not known to or readily observable by the buyer, the agent is under a duty to disclose the defect and is liable for damages caused by nondisclosure. This duty is also placed' on the seller.”
Cato v. Lowder Realty Co., 630 So.2d at 383, quoting Fennell Realty Co. v. Martin, 529 So.2d 1003 (Ala.1988).
We hold that the Turners presented substantial evidence that Gautreaux was specifically asked about drainage problems in the backyard. Bolton told her that the Turners were concerned because of the drains, the slope of the yard and the absence of grass, and asked whether there was anything about those conditions about which the Turners should be made aware. Generally, the result of drainage problems is flooding. That the Turners expressed a concern about the slope of the yard, which was toward the house, leads one to believe the Turners were troubled by the prospect of water accumulating at the base of the slope, against the exterior wall of the house. Furthermore, there was evidence that the Hansens told Gautreaux that the office area had flooded six months before they put the house up for sale; therefore, there was evidence that Gautreaux was aware of a condition that the Turners “need[ed] to be concerned about.”
Viewing reasonable inferences from the evidence in the light most favorable to the Turners, as the nonmovants, we conclude that they presented substantial evidence that they, through Bolton, specifically asked about drainage problems created by conditions in the backyard. Gautreaux told Bolton she would check with the sellers and call him back; therefore, she assumed the obligation to inquire about defects and had a duty to disclose any defects, including recent flooding.
Therefore, Gautreaux and her employer, Century 21, were not entitled to a judgment as a matter of law. The trial court erred in entering the summary judgment for each of them, and the judgments of the trial court in favor of Gautreaux and Century 21 are reversed.
The Turners also contend that the trial court erred in entering a summary judgment for the Hansens. They argue that the Hansens are liable to them, not only on the theory that they themselves committed fraud and concealment, but also because Gautreaux and Century 21 were acting as their agents.
According to the record, neither the Turners nor Bolton directly asked the Hansens whether there were drainage problems in the backyard. The evidence indicates without dispute that Gautreaux never contacted the Hansens for their response to the Turners’ concerns regarding any drainage problems, the backyard slope, and the absence of grass, despite telling Bolton she would do so. There is no evidence that the Hansens misled or misrepresented the Turners. The record also shows that the Hansens met with Gau-treaux and her husband, Mike, also a real estate agent, to fill out the seller’s disclosure statement. In Larry Hansen’s deposition, he testified that as he was completing the form and read the question regarding flooding, drainage, or grading problems, he told Mike *376 of the flooding problem. Larry Hansen explained that he had added some landscape timbers and more drains, and he felt like there were no more problems. Larry said that Mike Gautreaux then told him, “Well, then you don’t have a problem.” Larry went on to say that was why he did not indicate that the house had a drainage or flooding problem.
For any misrepresentations Gautreaux may have made to the Turners to be imposed on the Hansens as Gautreaux’s principals, the Turners must show that the Hansens exercised control over Gautreaux. Malmberg v. American Honda Motor Co., 644 So.2d 888 (Ala.1994).
“When a defendant’s liability is to be based on agency, agency may not be presumed; rather, when on a motion for summary judgment a defendant has made a prima facie showing that there was no agency relationship, the party asserting agency has the burden of presenting substantial evidence of the alleged agency. Carlton v. Alabama Dairy Queen, Inc., 529 So.2d 921 (Ala.1988); Wood v. Shell Oil Co., 495 So.2d 1034 (Ala.1986). The test to be applied in determining whether there existed an agency relationship based on actual authority is whether the alleged principal exercised a right of control over the manner of the alleged agent’s performance. Control must be proven; and proof of control requires more than proof of a mere right to determine if the person claimed to be an agent is conforming to the requirements of a contract.”
Id. at 890.
No evidence in the record indicates that the Hansens exercised control over Gau-treaux’s performance. From the record, the Hansens appeared to have hired Gautreaux and Century 21 to sell their home, and, in fact, looked to them for guidance. As pointed out above, Larry Hansen did not indicate any flooding problems on the seller’s disclosure form, based on what Mike Gautreaux told him. The way in which Gautreaux and Century 21 went about selling the Hansens’ home was left to Gautreaux and Century 21. Because the Turners did not present substantial evidence that the Hansens misrepresented or concealed anything from them, or that the Hansens were in any way negligent or wanton, either in their own actions in regard to the sale or as the principals of Gautreaux and Century 21, the trial court properly entered the summary judgment for the Hansens.
For the reasons discussed above, the judgment of the trial court is affirmed as to the Hansens, but reversed as to Debbie Gau-treaux and Century 21, and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J„ concur in part and dissent in part.