UNITED STATES of America, Plaintiff,

v.

Hiram Wayne SUMMERLIN,
et al., Defendants.

Civil Action No. 95–D–869–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 18, 1996.

Patricia Allen Conover; Redding Pitt, U.S. Attorney, Montgomery, AL, for plaintiff.

Ben E. Bruner, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff United States of America's ("United States") motion for summary judgment ("Pl.'s Mot.") filed on October 16, 1995, and Defendants Hiram

Wayne Summerlin and Catherine L. Summerlin's ("Defendants") "response and objections to Plaintiff's motion for summary judgment" ("Defs.'s Resp.") filed on November 1, 1995. The United States also filed a "reply to Defendants' motion in opposition to motion for summary judgment" ("Defs.' Second Response") on November 22, 1995. The Defendants then filed a "response and objections to Plaintiff's reply to defendant's objections to summary judgment" on January 12, 1996.

After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that the United States' motion for summary judgment is due to be denied.

### JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345 (United States as plaintiff). Personal jurisdiction and venue are uncontested.

### STATEMENT OF FACTS

On January 26, 1990, Defendants signed and delivered three promissory notes in the total principal amount of $77,630.52 to the Rural Economic and Community Development program ("RECD"), formerly known as the Farmers Home Administration ("FHA"), of the United States Department of Agriculture. Pl.'s Compl. ¶ 4–6. The Defendants failed to make the required payments on these notes. *See* Hiram W. Summerlin Aff. ¶ 5 ("I was only ½ payment behind and I could have caught up the loans that Spring. . . ."). Following the Defendants' default on the promissory notes, the collateral securing the notes was sold and the sale proceeds were applied to the Defendants' debt. Def.'s Answer ¶ 5.

At this point, the parties contentions widely diverge. The United States contends that the Defendants remain indebted to the United States in the principal amount of $36,-996.00 plus interest accrued as of September 6, 1995, of $8,173.50 with interest accruing thereafter at the rate of $6.8004 per day. Pl.'s Mot. ¶ 1. On the other hand, the Defen-

dants contend that the sale of the underlying collateral completely satisfied their debt to the RECD as per an agreement between Hiram W. Summerlin and Carnell McAlpine ("McAlpine"), Farm Credit Manager, Team 8 of the United States Department of Agriculture, Consolidated Farm Service Agency.[1] Def.'s Resp. ¶ 5; Hiram W. Summerlin Dep. ¶ 3–5. In its motion for summary judgment, the United States contends that no employee of the RECD, or of its predecessor, the FHA, told either of the Defendants that their debt would be forgiven following the sale of the collateral. ¶ 6; *see also* Carnell McAlpine Aff. ¶ 5. However, in its most recent filing the United States contends that even if McAlpine promised to forgive the remaining portions of the debt, the United States is not bound by such a representation because McAlpine lacked authority to make such an agreement. Pl.'s Reply ¶ 3. The Defendants contend that McAlpine had both apparent and actual authority to make such a statement to Hiram W. Summerlin. Def.'s Second Resp. at 2. This contention is premised in part upon a letter ("January Letter") sent from the Montgomery, Alabama, office of the FHA. Letter from FHA to Defendants of 1/30/95.

### SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the exis-

---

1. The United States refers to McAlpine as "county supervisor" in its November 22, 1995, reply to Defendants' motion in opposition to motion for summary judgment. ¶ 2. The court finds based upon the United States' reply that McAlpine is a county supervisor.

tence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356; *see also Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11.

### DISCUSSION

■ It is clear in this action that there is a material issue of fact over the alleged oral representation made by McAlpine to Hiram W. Summerlin. If that were the only issue before the court, then the United States' summary judgment motion would be due to be denied without further consideration. However, the United States in a post summary judgment motion contends that even if true such a representation does not bind the United States since McAlpine lacked authority to make such a statement.

■ Summary judgment on the issue of agency is generally inappropriate because this issue is a question to be determined by the trier of fact. *Wood v. Shell Oil,* 495 So.2d 1034 (Ala.1986); *Oliver v. Taylor,* 394 So.2d 945 (Ala.1981); *see also Sun Bank, N.A. v. E.F. Hutton & Co., Inc.,* 926 F.2d 1030, 1034 (11th Cir.1991) ("The existence of an agency relationship is an issue of fact, and we will not disturb a district court's resolution of that issue unless it is clearly erroneous."); *Borg–Warner Acceptance Corp. v. Davis,* 804 F.2d 1580 (11th Cir.1986) (applying Florida law to resolve agency issue). The test to determine the existence of an agency relationship under the doctrine of respondeat superior is whether the alleged principal reserved the right of control over the manner of the alleged agent's performance. *Watson v. Auto–Owners Ins. Co.,* 599 So.2d 1133 (Ala.1992) (holding that an agency relationship did not exist in a respondeat superior situation where the alleged principle had no right of control over the alleged agent's actions); *Wood,* 495 So.2d at 1036.

■ In this action, there is no dispute that the alleged agent was an employee of the United States. The United States does not dispute its ability to control McAlpine, and

nothing in the case filings suggests that the United States lacked control over McAlpine. In the absence of evidence to the contrary, the court finds that a jury could find an agency relationship between McAlpine and the United States and that McAlpine had actual authority as an agent of the United States. However, the United States also points to several regulatory provisions which allegedly show that McAlpine could not bind the United States because such a promise exceeded the scope of his authority. Pl.'s Reply at 2–3 (citing 7 C.F.R. § 1956.57(c); 7 C.F.R. § 1900.2).

The Defendants counter by arguing McAlpine had the authority to bind the United States because the "state director" delegated McAlpine such authority. Defs.' Second Resp. at 2–3. However, the Defendants do not produce any evidence demonstrating such a delegation occurred. *Id.* at 2 ("The plaintiff has not produced any evidence that this is not the case."). As previously noted in this opinion, the party moving for summary judgment has the initial burden to show the court that judgment as a matter of law is appropriate. Once this requirement has been met, the burden of production shifts to the nonmoving party who must specifically identify facts showing a material issue for trial. The nonmoving party may not rely solely on the complaint but must produce evidence from depositions, interrogatories, affidavits, or another source. The Defendants have failed to produce any evidence of the alleged delegation. Instead, the Defendants seek to shift the burden of production back to the Plaintiff. The court will not sanction such a perversion of the summary judgment standard. Therefore, there is no issue of material fact on the Defendants' claim that McAlpine had actual authority to make the disputed agreement.

■ The Defendants also contend that McAlpine had apparent authority to act as an agent of the United States in making the alleged agreement to satisfy the debt. The January Letter states that if "you are unable

to pay in full and want to avoid foreclosure" then "you may wish to consider requesting that [FHA] permit you to use one of the following forms of voluntary liquidation." January Letter at 2. The second option listed is titled "Sale" and states "[y]ou may sell the collateral for your loan(s) for its fair market value and send the proceeds to [FHA]." *Id.* The letter directs interested recipients to "[c]ontact the County Supervisor immediately." *Id.*

■ In order to determine if apparent authority existed for an agent's actions, the court must focus not on the actions of the agent but, instead, on the actions of the principal. *See Malmberg v. American Honda Motor Co.,* 644 So.2d 888, 891 (Ala.1994). In other words, "[t]he doctrine of apparent authority is based upon the actions of the principal, not those of the agent; it is based upon the principal's holding the agent out to a third party as having the authority upon which he acts." *Id.* The court finds sufficient evidence of apparent authority in this action to preclude summary judgment. The January Letter unambiguously states that the county supervisor should be contacted if a debtor desires to sell collateral and provide the proceeds to the FHA. While this document does not definitively state that such a process will completely extinguish the debtor's obligation, such an interpretation is a reasonable reading of the letter. Accordingly, the court finds that a reasonable jury could conclude that McAlpine had apparent authority to act as an agent for the United States.[2] Therefore, the court finds that the United States' motion for summary judgment is due to be denied.

### CONCLUSION

Based on the foregoing analysis, it is CONSIDERED and ORDERED that Plaintiff's motion for summary judgment be and the same is hereby DENIED.

---

**2.** While the court acknowledges the existence of regulatory provisions detailing which RECD officials may enter into settlement agreements, such information is inapposite to the apparent authority inquiry. As shown in the text, the agent's

actual authority is irrelevant since the court must concern itself exclusively with the scope of the authority the agent allegedly received from the principle.