HOLMES, Retired Appellate Judge.
Theresa Pelfrey filed a multi-count complaint against Mike M. Smith and Hilda J. Smith, alleging breach of contract, fraud, and conversion. The Smiths filed an answer and a counterclaim, alleging that Pelfrey had breached the contract that she executed with Mike M. Smith (Mike) and that Pelfrey’s slanderous conduct had caused injury to Mike.
Thereafter, Hilda J. Smith (Hilda) filed a summary judgment motion, which stated the following, in pertinent part:
“This motion is made on the grounds that there is no genuine issue as to any material fact and that [Hilda] is entitled to a judgment as a matter of law because [Hilda] did not enter into a contract with [Pelfrey], and [Hilda] is neither an employee nor [an] agent of [Mike].”
(Emphasis in original.)
In support of her summary judgment motion, Hilda filed Mike’s affidavit, which stated that Mike’s construction business had no employees or agents, that Hilda was not a party to the contract with Pelfrey, that Hilda was never authorized to act as Mike’s agent, and that Hilda never had any connection with Mike’s construction business.
Pelfrey filed a response in opposition to Hilda’s summary judgment motion, contending that there existed a genuine issue of a material fact. Pelfrey also filed her affidavit, which stated the following, in pertinent part:
“However, I had extensive contact with [Hilda] concerning the building of my house in Pike County, Alabama. Many of the times that I talked with [Hilda], I was either relaying a message to [Mike] or was receiving a message from [Mike] through [Hilda]. However, a substantial number of conversations were directives to me from [Hilda] herself, as a representative of Mike Smith Construction; at least, she advised me to this effect.... [Hilda] either led me to believe or allowed me to believe that she was an agent or an employee of [Mike’s] construction company and that [Hilda] possessed all necessary authority to discuss her husband’s construction of my house with me personally.... [Hilda] also sent workers to my house to perform work. [Hilda] also sent at least one contractor to speak to me at my place of employment. [Hilda’s] presence was requested by Henderson, Black, & Green in a December 1993 meeting concerning their account on my house. In fact, based on the prolonged contact between myself and [Hilda], [Mike] requested his attorney to instruct my attorney to speak with [Hilda] and no one else concerning this matter. Thereafter, no one was allowed to speak to [Mike].
“... [Hilda] would call me to tell me how much each cheek should be. The house and garage plans were delivered to [Hilda]. I provided a partial payment to [Mike] by my personal check, which was written and hand delivered directly to [Mike] in Pike County, Alabama, on March 16, 1993. On said date in March 1993, [Mike] required me to write two advance checks; the reason for the two [checks was, according to Mike,] so that one check could be placed in the account of Hilda J. Smith. [Mike] told me that check # 3118, dated March 16, 1993, was going [to be deposited into Hilda’s] account. [This] advance was earlier said by [Hilda to be used] to purchase lumber before prices escalated.... As to the converted property owned by me, [Hilda] advised me that said converted property was being stored in a storage area on property owned by her.”
(Emphasis added.)
Thereafter, Hilda filed a document entitled “Motion to Dismiss Co-Defendant,” requesting that the trial court grant her summary judgment motion. This motion stated the following, in pertinent part:
“2. [Hilda] is an employee of the Barbour County Board of Education and has been for several years, including the time period covered for the construction of [Pelfrey’s] home. [Hilda’s] name does not exist on [Mike’s] construction banking accounts, nor is she allowed to deposit [money into,] or withdraw money [from,] those accounts. [Hilda] is not allowed to order or purchase building materials from any building supply company that does busi *307 ness with Mike Smith Construction. [Hilda] has never driven a nail into a house, hung sheetrock, laid brick, or put on roofing. She has no knowledge of the business, nor does she handle any of the business affairs.
“3. [Hilda’s] only connection to [Mike’s] construction company is that she is married to the owner and proprietor.... While [Hilda] admits that she has answered the phone in her own private residence to hear the voice of Mike Smith Construction Company’s customers on the other end, there is no evidence that she has been clothed with the power of an agent for this company.
“4. [Pelfrey] has indicated in her response to [the] original summary judgment [motion] that an ostensible agency applies in the matter at hand. [The Smiths] argue that there was never any intentional or unintentional act by the [Smiths] that would induce another to believe that [Hilda] was an agent of [Mike].
“5. As stated earlier, there is no presumption in this state that a wife acts as the agent of her husband. It is painfully obvious that any business owner’s spouse will have some tangible and intangible contact with the business of [his or her] spouse. In the ease at hand, there is [no] evidence that exists that could draw [Hilda] into the position of an agent of her husband.”
After a hearing the trial court issued an order, entering a summary judgment in favor of Hilda and dismissing Hilda from the action, with prejudice. The trial court certified this judgment as final for purposes of appeal, pursuant to Rule 54(b), Ala. R. Civ. P.
Pelfrey appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Pelfrey contends that the trial court committed reversible error when it entered a summary judgment in favor of Hilda because, Pelfrey says, there existed a genuine issue of a material fact and Hilda was not entitled to a judgment as a matter of law.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
We would note that the court must view the evidence in a light most favorable to the non-moving party and that all reasonable doubts must be resolved against the moving party. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
Our supreme court stated the following in Malmberg v. American Honda Motor Co., 644 So.2d 888, 890 (Ala.1994):
“Agency is generally a question of fact to be determined by the trier of fact. When a defendant’s liability is to be based on agency, agency may not be presumed; rather, when on a motion for summary judgment a defendant has made a prima facie showing that there was no agency relationship, the party asserting agency has the burden of presenting substantial evidence of the alleged agency.”
(Citations omitted.)
Our supreme court also stated the following in Malmberg, 644 So.2d at 891:
“The test for determining whether an agency existed by ‘estoppel’ or by ‘apparent authority’ is based upon the potential principal’s holding the potential agent out to third parties as having the authority to act:
[[Image here]]
“The doctrine of apparent authority is based upon the actions of the principal, not those of the agent; it is based upon the principal’s holding the agent out to a third party as having the authority upon which he acts, not upon what one thinks an *308 agent s authority might be or what the agent holds out his authority to be.”
(Citations omitted.)
As this court noted in Curry v. Welborn Transport, 678 So.2d 158, 161 (Ala.Civ.App.1996), “agency is to be determined from the facts, and not by how the parties characterize their relationship.”
In light of the foregoing, we find that there existed a genuine issue of a material fact as to whether there existed a principal-agent relationship between Mike and Hilda. Consequently, the trial court erred in entering a summary judgment in favor of Hilda. The trial court’s judgment is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
All the judges concur.