Harold L. Martin Distributing Company, Inc., d/b/a Martin Food Mart No. 5 ("Martin"), sought certiorari review of a judgment of the Court of Civil Appeals, which reversed a summary judgment entered in its favor against Terry Joanne Williams. We granted review; we now reverse and remand.
The operative facts out of which this action arose are set forth in the opinion of the Court of Civil Appeals:
 "[Martin] owns several gas station/convenience stores in the Hamilton area. [Martin] was a `jobber' for [Chevron U.S.A., Inc. (`Chevron')], and it sold Chevron's gasoline and its other fuel products through its outlets.
 "Around noon on February 27, 1995, Williams drove her automobile into the gas-pump area of one of [Martin's] stores to buy gasoline. Williams had been to this convenience store before . . . . After Williams finished filling her tank with gasoline, she walked toward the entrance of the store to pay for her gasoline. Before she reached the entrance, she tripped and fell outside the front door, in the area of the sidewalk, curb, and wheelchair ramp. Williams was injured as a result of her fall."
Williams v. Harold L. Martin Distributing Co., [Ms. 2971300, May 21, 1999] 769 So.2d 305 (Ala.Civ.App. 1999) (footnote omitted).
Williams sued Martin and Chevron, alleging that Martin "had negligently constructed and negligently maintained a wheelchair ramp and adjacent curb and sidewalk and that its negligence had caused her to fall and be injured." Id. at 307. The trial court granted the defendants' motions for a summary judgment, and Williams appealed. The Court of Civil Appeals, with two Judges dissenting, reversed the judgment insofar as it related to Martin, but affirmed the summary judgment insofar as it related to Chevron. We granted Martin's petition for certiorari review to determine whether the judgment of the Court of Civil Appeals, as to Martin, is consistent with caselaw established by this Court.[1] We conclude that it is not.
In this premises-liability case, the elements of negligence "`are the same as those in any tort litigation: duty, breach of duty, cause in fact, proximate or legal cause, and damages.'" E.R. Squibb Sons, Inc.v. Cox, 477 So.2d 963, 969 (Ala. 1985) (quoting David G. Epstein,Products Liability: Defenses Based on Plaintiff's Conduct, 1968 Utah L. Rev. 267, 270). "The owner of a premises . . . is not an insurer of the safety of his invitees[, such as Williams], and the principle of res ipsa loquitur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee." Tice v. Tice,361 So.2d 1051, 1052 (Ala. 1978). In order to overcome a defendant's properly supported summary-judgment motion, the plaintiff bears the burden of presenting substantial evidence as to each disputed element of her claim. See Ex parte Atmore Community Hosp., 719 So.2d 1190 (Ala. 1998);Mann v. Bank of Tallassee, 694 So.2d 1375 (Ala. 1996). On the record before us, it is apparent that Williams failed to produce substantial evidence as to the cause in fact of her accident.
Williams's theory of the case was that Martin had negligently constructed and maintained the "sidewalk, curb, and wheelchair ramp." In support of this theory, she presented the affidavit testimony of *Page 315 
her expert, Rud Robison, who, she says, "identified a number of verytechnical ways in which the area where [she] fell was not in compliance with the construction standards promulgated by the Americans with Disabilities Act[, 42 U.S.C. § 12101 et seq. (the `ADA')]." Brief ofRespondent, at 2 (emphasis added). Williams further states: "It is certain and undisputed that [she] fell in the entrance way to Martin's store. It is now for the jury to decide whether or not her fall was caused by the defects in the area that were identified by Rud Robison."Id. at 5.
The fatal defect in Williams's case is that she failed to present evidence indicating that the "very technical ways" in which she says Martin failed to comply with the ADA were, in any way, involved in a chain of causation resulting in her fall. In fact, she could not identifythe cause of her fall. In this connection, she testified by deposition as follows:
 "Q. [By Martin's counsel] Thank you. Yes. Now, back to my second part of my question, I'm just trying to find out if you can say, only if you can say, do you remember what part of the curb it was that you say you tripped on?
"A. [By Williams] No, I don't.
 "Q. Would you agree with me that as far as you know you think you tripped on the curb itself?
"A. As far as I know. That's what I think I tripped on.
"Q. Well, is your allegation that you tripped?
"A. Yes. There was nothing else there.
"Q. Right. And was it one foot got caught?
"A. Yes.
". . . .
 "Q. The fact that there is that wheelchair ramp, that didn't have anything to do with your particular trip, did it?
 "A. I don't know, because I really didn't see — you know — I really didn't see what I tripped on. I didn't notice anything there at the time.
 "Q. Okay. So you couldn't say one way or the other what it was that caused you to trip, is that fair to say?
 "A. Right. There was nothing there when I got up that I could tell.
 "Q. Okay. Would it be fair to say that you would have to, at least sitting here, you would have to speculate as to whether it was the curb, this part of the curb to the right of where you fell or part of the curb to the left of where you fell? That would be just speculation, would it not?
"A. Right."
(Clerk's Record, at 196-98.) (Emphasis added.)
Williams also testified that nothing blocked her view of the curb. She stated that she was aware that curbs present an element of risk and that when encountering a curb she should take care to avoid injury. The unavoidable conclusion one must draw from Williams's testimony is that the cause of her fall is a matter of pure speculation.
But Alabama juries are not permitted to speculate as to the cause of an accident. See Brookwood Medical Ctr. v. Lindstrom, 1980526, February 11, 2000] 763 So.2d 951 (Ala. 2000); Turner v. Azalea Box Co., 508 So.2d 253,254 (Ala. 1987) ("[w]hen evidence points equally to inferences that are favorable and to inferences that are unfavorable to the moving party, the evidence lacks probative value; and the evidence may not be used to support one inference over another because such use is mere conjecture and speculation"). Because she could not say how — or if — the "very technical ways" in which the wheelchair ramp was constructed contributed to her accident, Williams failed to present evidence sufficient to overcome Martin's summary-judgment motion. *Page 316 
This case is analogous to Tice v. Tice, 361 So.2d 1051 (Ala. 1978), in which this Court affirmed a summary judgment in favor of premises owners in a trip-and-fall action against them. In Tice, as in this case, the plaintiff "could not state the cause of her fall, only that she believed
it must have been caused by stepping on one of the [child's] toys [that she admittedly knew was in the yard]." Id. at 1052 (emphasis added). The plaintiff in Tice "assert[ed] only that her fall may have been caused by toys, leaves or holes in the yard." Id. Because she could only speculate as to the cause of the accident, she could not present evidence of a defect of which the defendants should have been aware. Indeed, to hold defendants liable under the circumstances of Tice and those of this case would render premises owners virtual insurers of others' safety and would impose liability that is nearly absolute. No such rule can be deduced from our cases, and we decline to adopt one.[2]
For these reasons, the trial court properly granted Martin's summary-judgment motion. Therefore, the judgment of the Court of Civil Appeals, to the extent it reversed the summary judgment, is reversed and the cause is remanded.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, See, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] Williams did not seek certiorari review of the Court of Civil Appeals' judgment as to Chevron. Therefore, her claims against Chevron are not involved in this case.
[2] We also cannot agree with the majority of the Court of Civil Appeals that this case is analogous to Woodward v. Health Care Authorityof the City of Huntsville, 727 So.2d 814 (Ala.Civ.App. 1998). InWoodward, there was no question as to what caused the plaintiff to fall. She tripped on a curb that was adjacent to a wheelchair ramp. Id. at 816. The accident happened at night, and the plaintiff testified that she was blinded by a light. Id. She alleged that the light was positioned over the ramp in such a manner that she did not see where the ramp dropped off. Id. at 816-17.
Other differences in the cases were illustrated by Judge Thompson in his dissent in this case:
 "In Woodward, the plaintiff claimed that on a night when she was visiting the defendant's hospital for the first time, she tripped and fell over an unmarked curb. A flat wheelchair ramp had been cut into the sidewalk at the location of her fall. The plaintiff in Woodward testified in her deposition that as she exited the hospital's parking garage she encountered a bright light that shone in her face. The plaintiff testified that the contrast between the light in the parking garage and the light outside caused the walkway where she fell to give the appearance of `one massive area of cement.'
 "In the present case, Williams had visited [Martin's] gasoline station previously; in Woodward, the plaintiff had never before been to the defendant's hospital. Williams testified that her accident occurred at noon. In Woodward, the plaintiff fell at night, after allegedly being blinded by a bright light. Although it was an overcast day when Williams fell, the record contains no evidence of anything that might have obstructed her view, such as the alleged blinding effect of the light in Woodward."
Williams v. Harold L. Martin Distributing Co., supra, 769 So.2d at 312 (Thompson, J., dissenting) (citations omitted).