Carl A. McCALLUM and Cheryl
A. McCallum, Plaintiff,

v.

BUCCANEER HOMES OF ALABAMA,
INC., a corporation; Titus Judah Realty,
Inc., a Corporation; New Generation
Homes, Inc., a corporation; Titus Judah,
an individual; Mary E. Judah, an indi-
vidual; and Curtis Thomas, Defendants.

Civ. A. No. 91–D–1419–N.

United States District Court,
M.D. Alabama, N.D.

June 15, 1993.

G. Houston Howard, II, Wetumpka, AL,
for plaintiff.

Robert C. Black, John R. Bradwell, Mont-
gomery, AL, for Buccaneer.

James F. Hampton, Montgomery, AL, for
Titus Judah Realty, New Generation Homes,
Titus Judah and Mary Judah.

J. Myron Smith, Prattville, AL, for Curtis
Thomas.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This cause is before the court on defen-
dant, Buccaneer Homes of Alabama Inc.'s
motion for summary judgment filed Decem-
ber 11, 1992. Plaintiff responded on January
12, 1993. For the following reasons, defen-
dant's motion is due to be DENIED.

## JURISDICTION

This court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1391. Personal jurisdiction and venue are uncontested.

## FACTS

This action arose out of the purchase of a mobile home. In February of 1991, the Plaintiffs decided to purchase a Buccaneer home from Titus Judah at New Generation Homes. The Mobile home included a manufacturer's warranty. At the time of closing, there were various defects which Titus Judah promised to fix. Service requests were made to Buccaneer on May 31, 1991 and again on June 5, 1991.

On June 22, 1991, Joe Kuczero, from Buccaneer Homes went to the plaintiffs' home to correct the defects. The plaintiffs contend they continued to complain of defects and they began requesting warranty service less than one week after closing. (Judah Depo. at 148–152). On June 28, 1991, the plaintiffs gave a list of complaints to Judah. This was followed by a second list but the plaintiffs contend the repairs were not made. (McCallum Depo. 113–123); Cheryl McCallum Depo. at 47–48); Plaintiffs Ex. 113 and 114).

On August 14, 1991, the plaintiffs sent a certified letter to Titus Judah and Buccaneer Homes listing their complaints. (Plaintiffs Ex. B–11). On September 5, 1991, Buccaneer sent Randall Hamilton to the plaintiffs home on a service call. When Mr. Randall returned the next day, the plaintiffs contend they presented him with a list of problems which the plaintiffs claim were never fixed. (Plaintiffs Ex. 34. Hampton Depo. at 33–34; C. McCullum Depo. at 164). The Plaintiffs then filed suit on October 21, 1991.

## SUMMARY JUDGMENT STANDARD

■ Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, af-ter adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In further elaboration on the summary judgment standard, the Court has said that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment is improper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. *See also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989). The court is to construe the evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

## DISCUSSION

■ Defendants contend they are entitled to summary judgment on the plaintiffs' warranty claims because the plaintiffs failed to comply with the notice requirements set forth in the manufacturers warranty. To support their claim, the defendants cite to several Alabama cases in which the court granted summary judgment on behalf of the defendants because the plaintiff failed to give adequate notice. See *Woods v. Bill's Family Homes, Inc.,* CV–89–D–1140–N (D.C.Ala. May 25, 1990); *Parker v. Bell Ford, Inc.,* 425 So.2d 1101, 1102 (Ala.1983). The court finds

these cases do not apply to the facts of this case.

The Warranty states:

Buccaneer Homes of Alabama, Inc. will repair or replace during normal working hours Monday–Friday, free of charge, any defect in material and/or workmanship of the manufactured home if the Original Purchaser shall have notified Buccaneer Homes of Alabama, Inc. at its address shown below, IN WRITING, of the defects within ten (10) days after it's discovered, or sooner, if the defect causes ongoing or continuing damage to the manufactured home, and if such notice is given within the warranty period. Buccaneer Homes of Alabama, Inc. shall have a reasonable period of time not less than thirty (30) days from the date of receipt of such written notice to repair or replace the defective parts. (Plaintiff's Exhibit 2.)

The evidence reveals that on August 14, 1992 the plaintiffs sent a certified letter to the address stated in the warranty notifying Buccaneer of specific complaints they had about the home thereby giving notice of problems pursuant to the terms of the warranty. Defendants contend that after receiving notice they sent a repairman to the home to fix these problems. They contend that the warranty requires the plaintiffs to give notice again and give the defendants another chance to cure the problem. The court finds that whether the plaintiffs gave proper notice in this case is a question of fact for the jury and not a proper matter for summary judgment. The warranty clearly requires notice to be given in writing which the plaintiffs did. Whether they are required to continue to give notice after the defendants have attempted to cure the defect, is a question for the jury.

Woods v. Bill's Family Homes, 89–D–1140–N, is not on point because the plaintiff in that case never gave oral or written notice of the alleged defects to Buccaneer Homes. Such is not the case here. In this case, the plaintiffs gave notice. Now the questions are whether the plaintiffs were required to give continual notice or whether the warranty failed in its essential purpose. The court leaves these questions for the jury.[1]

■ The defendants also claim that they did not receive notice within the 10 day period proscribed by the warranty. The court finds the 10 day provision to be unreasonable and void pursuant to Ala. Code §§ 6–2–15 and 8–9–10.[2] Therefore, the court finds the plaintiffs are not barred by the time limitation in the warranty.

■ The defendants claim that the plaintiffs' negligence counts are barred for lack of notice is without merit. Ala. Code § 7–2–607 (1975) requires notice to be given in a breach of warranty action. It does not apply to negligence actions. Therefore the court finds no notice requirement precluding the defendant from an action for negligence, as here.

■ The court also finds that the question of agency between Buccaneer Homes of Alabama and Titus to be one of fact for the jury. Summary judgment on the issue of agency is generally inappropriate because this issue is a question of fact to be determined by the trier of fact. Oliver v. Taylor, 394 So.2d 945 (Ala.1981); Wood v. Shell Oil Co., 495 So.2d 1034 (Ala.1986).

■ The test to be applied in determining the existence of an agency relationship under the doctrine of respondeat superior is whether the alleged principal reserved the right of control over the manner of the alleged agent's performance. Wood, 495 So.2d at

1. The court notes that nowhere in the warranty is "continual notice" required or suggested.

2. Ala. Code § 6–2–15 states "Except as may be otherwise provided by the Uniform Commercial Code, any agreement or stipulation, verbal or written, whereby the time for the commencement of any action is limited to a time less than that prescribed by law for the commencement of such action is void."

Ala. Code § 8–9–10 states: "Any agreement, covenant or stipulation in any contract, verbal or written, forfeiting any right of action for failure to present to the party liable a claim for damage, is void; but this section shall not prevent stipulations requiring the giving of information by one party to another within the knowledge of one of the parties to the contract."

1036. The court finds sufficient evidence of control to submit this question to the jury. The agreement between Buccaneer and Titus requires (1) that Titus only sell Buccaneer products (See PX B–35.); (2) that Titus submit all orders for manufactured homes to Buccaneer and that Buccaneer have sole discretion to accept or reject each such order or any modifications. (See Px B–35.). (3) Buccaneer reimbursed Titus for a portion of its advertising costs. (Gilliland Depo. at 47–51.); (4) Buccaneer reimbursed Titus for a portion of its interest charges; (Gilliland Depo. at 53–54.); and (5) Buccaneer entered into a Manufacturers' repurchase agreement with the Bank of Prattville to assist Titus with obtaining financing. Moreover, in the agreement, Buccaneer agreed to repurchase the homes in default by Titus. (Plaintiff's Ex. B–64.); (Gilliland depo. at 41.). Based on the language in the repurchase agreement[3], it appears that Buccaneer does not relinquish title to the mobile homes until they are purchased by a consumer. (Plaintiff's Ex. B–64.). Withholding title suggests withholding control.

The court finds ample evidence from which a jury could find agency between Buccaneer and Titus. Therefore, summary judgment on the issue of agency is denied.

Whether the statements made by Titus were representations by Buccaneer homes will depend on whether the jury finds that Titus acted within the line and scope as an agent for Buccaneer. Therefore, the issues of fraud and misrepresentation are left to the jury.

Accordingly, it is CONSIDERED and ORDERED that the defendant's motion for summary judgment be and the same is hereby DENIED.

---

**3.** The language in the repurchase agreement reads:

   "3. That our title to the manufactured home listed on the invoice or invoices is clear of all liens and encumbrances;"

"4. That all our right, title and interest in and to the ordered manufactured home is transferred to you contingent only upon your financing the purchase for the retailer and payment in full to us for each manufactured home so financed by you."