Gary J. RHODE, Plaintiff,

v.

E & T INVESTMENTS, INC.,
et al., Defendants.

No. CIV. A. 98–D–151–S.

United States District Court,
M.D. Alabama,
Southern Division.

Oct. 30, 1998.

Michael S. Harper, Tallassee, AL, for Plaintiff.

Herman W. Cobb, Brian T. Mosholder, Dothan, AL, Algert S. Agricola, Jr., Montgomery, AL, David L. Selby, II, Birmingham, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant Brilliant Homes Corporation's ("Brilliant Homes") Motion for Summary Judgment ("Def.'s Mot."), and Brief in Support of its Motion ("Def.'s Brief"), both filed on September 15, 1998. Plaintiff filed a Brief in Opposition to Defendant Brilliant Homes' Motion, which the court construes as a Response ("Pl.'s Resp."), on September 29, 1998. In conjunction with his Response, Plaintiff also filed a Designation of Evidence in Opposition to Motion for Summary Judgment on September 29, 1998. Furthermore, at the court's request that Plaintiff file a Summary of Facts, Plaintiff filed a Time Line of Material Facts ("Pl.'s Time Line") on October 26, 1998. Brilliant Homes filed a Reply ("Def.'s Reply") on October 5, 1998. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Brilliant Homes' Motion for Summary Judgment is due to be granted in part and denied in part.

## JURISDICTION

The court properly exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1441(c). The Parties do not contest personal jurisdiction or venue.

## SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *see also Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing,

based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,' " that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his or her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348; *see also Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

### FACTUAL SUMMARY AND PROCEDURAL HISTORY

On December 12, 1996, Plaintiff purchased a mobile home from Defendant E & T Investments, Inc., d/b/a Best Value Homes ("Best Value"). (Pl.'s Compl. at ¶ 7.) On the date of purchase, Plaintiff and Best Value entered into a Manufactured Home Retail Installment Contract ("Installment Contract"). (*See* Court's May 8, 1998 Mem. Op. & Order at 2.) The Installment Contract contained a provision mandating arbitration. (*Id.*)

The mobile home was manufactured by Brilliant Homes. Brilliant Homes provided a limited, one year, repair and replacement warranty ("Warranty") that accompanied the purchase of the mobile home. (Def.'s Br. at 2.) The relevant portions of the Warranty state:

> For a period of one year following the Effective Date, the Manufacturer or its Dealer will repair or replace any part or parts whose condition does not conform with the above warranties, PROVIDED THAT the Owner gives written notice of any such defect to the Manufacturer or its Dealer at their business address within one (1) year and ten (10) days after the Effective Date. The exclusive remedy for any such defect shall be repair or replacement of any defective part after inspection by the Manufacturer or its authorized representative .... The Manufacturer also reserves the right to choose materials and methods used to make repairs.
> LIMITATIONS—Other than is set forth above, the Manufacturer makes no other express warranty with respect to this manufactured home, and no other person whomever is authorized to make any representation, warranty or promise on behalf of the Manufacturer or its Dealers. THE REMEDIES SET FORTH ABOVE PERTAINING TO REPAIR OR REPLACEMENT OF PARTS OR MATERIALS ARE EXCLUSIVE OF ALL OTHER REMEDIES.

(Def.'s Ex. B.)

After the mobile home was delivered on December 12, 1996, the Plaintiff observed significant defects and non-conformities in the home and reported those defects to the Defendants. (Pl.'s Compl. at ¶ 8.) The home was inspected on January 3, 1997 by the Alabama Manufactured Housing Commission Inspector. (Pl.'s Time Line at 1.) After the inspection, Brilliant Homes made several efforts to repair the defects. (Pl.'s Resp. at 4; Pl.'s Time Line at 2.) Brilliant Homes made repairs on January 7, February 5, March 5, and April 29, 1997. (*Id.*) However, on June 13, 1998, the Plaintiff wrote a letter to Brilliant Homes, with a copy of an expert's report attached, and notified Brilliant Homes that many defects in the home persisted and remained unrepaired. (*Id.* at 5.)

On August 20, 1998, the Alabama Manufacturing Housing Commission conducted another inspection of Plaintiff's home and found fourteen remaining defects in addition to forty-six cosmetic defects that were attributable to the manufacturer. (Pl.'s Ex. 8.) Brilliant Homes went to the Plaintiff's home on August 29, 1997 and made its final effort to

repair the reported defects. (Def.'s Br. at 5; Pl's Resp. at 6.) Brilliant Homes made no further efforts to repair Plaintiff's house nor did Plaintiff make any additional requests for service after August 29, 1998. (*Id.*)

On January 7, 1998, Plaintiff commenced this action against the Defendants in the Circuit Court of Dale County, Alabama, by filing a fourteen count complaint that alleged the following: breach of contract, breach of express and implied warranties, claims under the Magnuson–Moss Warranty–Federal Trade Commission Improvement Act, 15 U.S.C. § 2301, et. seq., claims for negligent or wanton construction, installation, and repair, violation of Ala.Code §§ 7-2-313, 7-2-314, 7-2-315, claims for misrepresentation, suppression, deceit, and continuing fraud. Defendants removed the action to this court on February 11, 1998. Best Value filed an Answer on February 17, 1998, and Brilliant Homes filed an Answer on March 12, 1998.

On May 8, 1998, the court entered an Order Compelling Plaintiff to Arbitrate his claims against Best Value with the exception of Plaintiff's claims for breach of express warranties under the Magnuson–Moss Warranty Act. (Court's May 8, 1998 Mem. Op. & Order at 24.) On September 9, 1998, the Court granted Summary Judgment in favor of Best Value and dismissed the Plaintiff's express warranties claim under the Magnuson–Moss Act. Therefore, the only claims remaining before the court are the Plaintiff's claims against Brilliant Homes. On September 15, 1998, Brilliant Homes filed the instant Motion for Summary Judgment.

## DISCUSSION

*Voluntary Dismissal of Claims*

At the outset, the court notes that in his Response, the Plaintiff stipulated to the dismissal of several claims alleged against Brilliant Homes. Specifically, Plaintiff admitted that judgment should be entered in favor of Brilliant Homes on the following Counts: Count III (Breach of Implied Warranty); Count V (Negligent or Wanton Construction, Installation, Repair, etc.); Count VI (Claim under Alabama Code § 7-2-315); Count VIII (Misrepresentation of a Material Fact); Count IX (Suppression of a Material Fact); Count X (Deceit); Count XI (Fraudulent De-

ceit); Count XII (Continuing Fraud); and Count XIII (Claim under Alabama Code § 6-5-100, et seq.).

Therefore, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the court finds that the above listed claims are due to be dismissed. Thus, the court finds that the only claims remaining in the Plaintiff's Complaint are the Breach of Contract Claim, the Breach of Express Warranty Claim, and the Magnuson–Moss Warranty Act Claim. The court now turns its attention to the arguments related to the remaining claims.

*Breach of Contract Claim*

Brilliant Homes argues that the court should dismiss Plaintiff's breach of contract claim because Brilliant Homes was not a party to the Installment Contract. (Def.'s Br. at 4.) It argues that the Installment Contract was only between Best Value and the Plaintiff, and furthermore, the only claims against Brilliant Homes arise out of a separate warranty issued to Plaintiff by Brilliant Homes. (*Id.*)

In his Response, the Plaintiff concedes that the claims against the Brilliant Homes did not arise out of the Installment Sales Agreement. (Pl.'s Resp. at 2.) However, Plaintiff argues that the warranty given by Brilliant Homes creates a unilateral contract between the Plaintiff and Brilliant Homes because Brilliant essentially promised that if "Mr. Rhode will buy its home, [Brilliant Homes] will repair or replace any defective components or parts, subject to certain conditions." (Pl.'s Resp. at 4.) Thus, Plaintiff argues that "[i]t is the breach of this contract (the warranty) on which Plaintiff sues, not the original installment sales contract between him and the dealer." (*Id.*)

In its Reply, Brilliant Homes argues that Plaintiff did not allege in his Complaint that the breach of contract was based on the express warranty. (Def.'s Reply at 3.) Rather, Plaintiff alleged breach of contract based on the installment sales contract. (*Id.*) Therefore, Brilliant Homes argues for the court to dismiss Plaintiff's breach of contract claim.

After carefully reviewing the breach of contract count in the Complaint, the court

finds that Plaintiff has sufficiently pled a claim for breach of contract based on the breach of warranty. Specifically, the court notes that the language used by the Plaintiff in paragraph 15 of the Complaint refers to a warranty issued by the Defendants for the mobile home. Paragraph 15 states:

> Plaintiff realleges all of the allegations of the above and foregoing paragraphs, and in addition thereto, alleges that Plaintiff had a contract with Defendants for the purchase, installation, set up, *repair and warranty of the mobile home* at an agreed upon price.

Pl.'s Comp. at ¶ 15 (emphasis added). Furthermore, the court notes that in the subsequent paragraph the Plaintiff alleges that the "Defendants" breached the contract by "intentionally failing or refusing to repair the mobile home." (Pl.'s Compl. at ¶ 16.) Although the Plaintiff could have pled the breach of contract claim in a clearer manner by separately delineating which facts applied to which Defendant, for example, the court finds that the Plaintiff has based her breach of contract count against Brilliant Homes on the express warranty.

■ However, the court finds that Plaintiff may not bring a separate breach of contract count. According to Plaintiff's Response, the contract that Brilliant Homes has allegedly breached is the express warranty. (Pl.'s Resp. at 2.) Moreover, there are no separate provisions in the contract other than those contained in the warranty. (*Id.*) Put very simply, the Plaintiff has alleged that the warranty is the contract. (*Id.*) The court notes that if the express warranty had simply been one term of many included in a contract of sale, the Plaintiff would have grounds to assert a separate breach of contract claim. However, here, the Plaintiff has only asserted that the warranty is the contract. (*Id.*)

The court finds the discussion in *Chilton Ins. Co. v. Pate & Pate Enter., Inc.*, 930 S.W.2d 877, 890 (Tex.Civ.App.1996), to be particularly helpful in distinguishing the proper cause of action that the Plaintiff should allege. In *Chilton*, the Texas Court of Appeals stated that breach of contract and breach of warranty causes of action may be distinguished in the following manner:

> When a party fails to deliver as promised, a breach of contract occurs. Conversely, when a seller delivers non-conforming goods, it is a breach of warranty. Under the Uniform Commercial Code ("UCC"), breach of contract damages are available for failure to perform, but not for delivery of non-conforming goods.... A contract term identifies what is being sold; warranties describe the attributes, suitability for a particular purpose, and ownership of what is sold.

*Id.* at 891 (internal citations omitted). The court finds that the Plaintiff is not alleging that Brilliant Homes failed to deliver the mobile home he purchased. Such an allegation, if asserted, would clearly suffice to establish a breach of contract claim. Rather, the Plaintiff alleges that the manufacturer has delivered a defective product. The court finds that such an allegation should properly be asserted as a breach of warranty claim, and not a breach of contract claim. *See also Ex parte Miller*, 693 So.2d 1372, 1376 (Ala. 1997) (stating that "the crux of all express warranty claims is that the goods did not conform to the warranty").

Therefore, based on the Plaintiff's assertion that the warranty is the contract breached in this case, the court finds that Plaintiff's breach of contract claim is due to be dismissed.

*Breach of Express Warranty Claim*

Brilliant Homes next argues that the court also should dismiss Plaintiff's express warranty claim. In particular, Brilliant Homes argues that Plaintiff cannot recover under the warranty because he has failed to allow Brilliant Homes to fix the alleged problems. (Def.'s Br. at 7.) Brilliant Homes states that "the Plaintiff did not make any *other* requests to Brilliant for additional service whether in writing or orally, after the time that service work was completed on the home on August 29, 1997." (Def.'s Br. at 5.) Therefore, Brilliant Homes argues that it "is not liable for problems that it did not receive notice of and was not given the opportunity to repair as the Warranty clearly provides that the Plaintiff's exclusive remedy was to allow Brilliant to repair or replace defective parts." (*Id.* at 7.)

Plaintiff responds by arguing that Brilliant Homes, in essence, claims that Plaintiff "is

under a continuing obligation to repeatedly complain about Brilliant's substandard work and complete failure to repair many defects." (Pl.'s Resp. at 6.) Plaintiff relies on the court's own opinion in *McCallum v. Buccaneer Homes of Alabama, Inc.*, 826 F.Supp. 420 (M.D.Ala.1993), to support their argument that the requirement of continual notice is a question for the jury.

At the outset, the court notes that the express provisions of the warranty do not require that the buyer give continual notice of the defect to the manufacturer. Rather, the express warranty only provides that the Plaintiff give "written notice of any such defect to the Manufacturer or its Dealer at its business address within one (1) year and ten (10) days after the Effective Date." (Def.'s Br. at Ex. B.)

Furthermore, none of the Parties dispute that Plaintiff sent written notice of several defects in the mobile home to the manufacturer within one year and ten days. (Def.'s Reply at 1; Pl.'s Resp. at 5.) Plaintiff sent Defendant a letter on June 13, 1997, detailing all of the defects in the mobile home. Additionally, the court notes that Brilliant Homes went to the Plaintiff's house on August 29, 1997 in an effort to repair the reported defects. (Def.'s Br. at 5; Pl's Resp. at 6.)

The issue the Parties have asked the court to decide is whether the Plaintiff has breached the express warranty by not "inform[ing] Brilliant that the repair work done on August 29, 1997 was unsatisfactory."[1] (Def.'s Resp. at 5.) Plaintiff does not deny that they did not make any additional requests for service after August 29, 1998, but argues that wheth-er Plaintiff is required to give Brilliant Homes continual notice is a question for the jury. (Pl.'s Time Line at 2.)

■ The court agrees with the Plaintiff and finds that whether the Plaintiff gave proper notice in this case is a question of fact for the jury and not a proper matter for summary judgment. *See McCallum*, 826 F.Supp. at 422 (also holding that whether Plaintiffs gave proper notice is a question for the jury); *see also Gigandet v. Third Nat'l Bank*, 333 So.2d 557, 559 (Ala.1976) (holding that the sufficiency of notice under the UCC is a question of fact for the jury). The court finds that the jury could decide that Brilliant Homes knew or should have known that its effort to repair the Plaintiff's mobile home on August 29, 1997 did not cure all of the defects. Furthermore, the jury could also decide that the Plaintiff was not required to give continual notice to Brilliant Homes under the terms of the warranty. Therefore, in accordance with the foregoing, the court finds that summary judgment is due to be denied on the express warranty count.

*Magnuson–Moss Warranty Act Claim*

Finally, Brilliant Homes argues that the Plaintiff's Magnuson–Moss Warranty Act Claim is also due to be dismissed. Unfortunately for Brilliant Homes, it has based its entire argument for dismissal on the assertion that because Plaintiff's claim for breach of express warranty is due to be dismissed, Plaintiff's claim for damages under the Magnuson–Moss Warranty is also due to be dismissed.

1. To support their claim that continual notice is required, Brilliant Homes cites to two Alabama cases in which the court granted summary judgment on behalf of the defendants because the plaintiff failed to give adequate notice. *See Jewell v. Seaboard Industrial, Inc.*, 667 So.2d 653 (Ala.1995); *Parker v. Bell Ford*, 425 So.2d 1101 (Ala.1983). However, the court finds that these cases do not apply to the facts of the instant case. In particular, the court finds that in *Jewell*, the issue confronting the court was whether the Plaintiff gave the dealer, not the manufacturer, sufficient notice of a breach of an implied warranty. 667 So.2d at 660. The Plaintiff in *Jewell* contacted the dealer several times about defects that were covered under the manufacturer's warranty but did not include any defects that fell within the dealer's warranty. Therefore, the court held that the Plaintiff did not make any attempt to notify the dealer of any defects in the mobile home and, thus, sufficient notice of a breach was not given. Furthermore, in *Parker*, the Plaintiff admitted that he at no time contacted the manufacturer about the defects in his car, but rather he only notified the dealer from which he purchased the car, who in turn referred him to an independent alignment shop. 425 So.2d at 1103. In the case currently before the court, the issue is not whether the correct party was ever given notice of a possible breach. Rather, the issue is whether the notice given was sufficient, or whether the Plaintiff was required to give continual notice. Therefore, due to the ability to distinguish the facts in the above cases, the court declines to apply those holdings to the instant facts.

Under the Magnuson–Moss Warranty Act, a "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief ...." 15 U.S.C. § 2310(d). Because the court has found that there is an issue of fact regarding Plaintiff's express warranty claim that precludes summary judgment, the court also finds that Defendant's motion for summary judgment with respect to Plaintiff's Magnuson–Moss claim is also due to be denied.

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Brilliant Homes's Motion for Summary Judgement be and the same is hereby granted in part and denied in part, as follows:

(1) GRANTED with respect to Plaintiff's Count I (Breach of Contract); Count III (Breach of Implied Warranty); Count V (Negligent or Wanton Construction, Installation, Repair, etc.); Count VI (Claim under Alabama Code § 7–2–315): Count VIII (Misrepresentation of a Material Fact); Count IX (Suppression of a Material Fact); Count X (Deceit); Count XI (Fraudulent Deceit); Count XII (Continuing Fraud); and Count XIII (Claim under Alabama Code § 6–5–100, et seq.); and

(2) DENIED with respect to Plaintiff's breach of express warranty claim and Magnuson–Moss Warranty claim.