[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12651

_____

D.C. Docket No. 1:08-cv-22174-JLK

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2011
JOHN LEY
CLERK

LYDIA ROSENFELD,

                                                    Plaintiff - Appellant,

versus

OCEANIA CRUISES, INC.,

                                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 7, 2011)

Before BARKETT and WILSON, Circuit Judges, and WALTER, District Judge.[*]

WILSON, Circuit Judge:

_____

[*] Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

While a passenger aboard the *M/V Nautica*, Lydia Rosenfeld slipped and fell on a ceramic tile floor near the buffet bar of the vessel's Terrace Café. She suffered a shoulder fracture and incurred medical expenses as a result of her fall. Rosenfeld brought this diversity action against the operator of the *M/V Nautica*, Oceania Cruises, Inc. ("Oceania"), to recover damages for her injuries. She claimed, *inter alia*, that Oceania negligently caused the accident by failing to provide an adequate flooring surface for the buffet area of the Terrace Café.

To prove her case, Rosenfeld offered the expert testimony of Peter Vournechis, an Australian floor-safety specialist who performed various coefficient-of-friction tests to determine the slip resistance of the *M/V Nautica*'s flooring surfaces. Vournechis found that, under wet conditions, the ceramic-tile surface surrounding the Terrace Café had an inadequately low coefficient of friction. Thus, he proposed to testify at trial that the flooring surface was not reasonably safe for a self-serve or bistro area, because it posed a high risk for those passing through the Café to slip and fall.

Following briefing, the district court entered a pre-trial order precluding Vournechis's testimony. The court stated only one ground for its decision:

> [Rosenfeld] . . . has not established that the proposed liability expert will provide helpful analysis to the Court in understanding a matter of scientific, technical or specialized expertise. Instead, the liability

2

expert intends to testify that the floor where plaintiff fell is unreasonably safe for its intended use. Such conclusions are properly left for the Court or jury to decide.

At trial, Rosenfeld raised the issue again, asking the district court to allow her to read Vournechis's deposition to the jury. The court denied her oral motion. At the close of the evidence, the court instructed the jury, in relevant part, as follows:

> In this case the plaintiff claims that the defendant was negligent and that such negligence was the legal cause of damage sustained by the plaintiff. Specifically, the plaintiff alleges that the injury was caused by Defendant's failure to choose an adequate flooring surface for the area where the accident occurred . . . .
>
> In order to prevail on this claim the Plaintiff must prove both of the following facts by a preponderance of the evidence:
>
> First: That the defendant was "negligent;" and
>
> Second: That such negligence was a "legal cause" of damage sustained by the plaintiff.
>
> . . .
>
> If the evidence proves negligence on the part of the Defendant that was a legal cause of damage to the Plaintiff, you should award the Plaintiff an amount of money that will fairly and adequately compensate the Plaintiff for such damage.

Following several hours' deliberation, the jury returned a verdict for Oceania. Rosenfeld now appeals from the district court's orders granting

Oceania's motion to preclude the expert testimony and denying Rosenfeld's motion for a new trial. For the following reasons, we reverse.

## I. STANDARD OF REVIEW

We review the district court's decision to exclude an expert's testimony for an abuse of discretion, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 1176 (1999), a standard that requires us to defer to the district court's evidentiary ruling unless that ruling is "manifestly erroneous." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142, 118 S. Ct. 512, 517 (1997) (quotation marks omitted). "We will not overturn an evidentiary ruling and order a new trial unless the objecting party has shown a substantial prejudicial effect from the ruling." *Maiz v. Virani*, 253 F.3d 641, 667 (11th Cir. 2001).

## II. DISCUSSION

Rosenfeld argues that the district court abused its discretion by prohibiting her from introducing expert testimony that Oceania's choice of flooring posed a higher danger of slip-and-fall accidents than other surface types. Oceania, however, argues that the district court's exclusion of the testimony was proper under *United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004) (en banc), but that if any error occurred it was harmless.

In *Frazier*, we clarified that trial courts determining the admissibility of expert testimony under Federal Rule of Evidence 702 must "engage in a rigorous three-part inquiry," considering whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*[*v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

387 F.3d at 1260 (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir.1998)). "While there is inevitably some overlap among the basic requirements—qualification, reliability, and helpfulness—they remain distinct concepts and the courts must take care not to conflate them." *Id.*

Further, "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003); *Maiz*, 253 F.3d at 666 ("A district court's gatekeeper role under *Daubert* is not intended to supplant the adversary system or the role of the jury." (internal quotation marks omitted)). "Quite the contrary, 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and

appropriate means of attacking shaky but admissible evidence.'" *Quiet Tech.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596, 113 S. Ct. at 2798). Indeed, "in most cases, objections to the inadequacies of a study are more appropriately considered an objection going to the weight of the evidence rather than its admissibility." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1188 (9th Cir. 2002). *See also Quiet Tech.*, 326 F.3d at 1345 (noting that, "[n]ormally, failure to include variables will affect the analysis' probativeness, not its admissibility" (quoting *Bazemore v. Friday*, 478 U.S. 385, 400, 106 S. Ct. 3000, 3009 (1986)).

Here, the district court excluded Vournechis's proposed testimony as unhelpful, explaining that "[s]uch conclusions are properly left for the Court or jury to decide." In this instance, we disagree. As the court instructed the jury, Rosenfeld's negligence claim arose from "Defendant's [alleged] failure to choose an adequate flooring surface for the area where the accident occurred." Rosenfeld's principal theory of the case was that Oceania's choice of ceramic tile flooring for the Terrace Café area was unreasonable, given Oceania's knowledge that the area was heavily trafficked and susceptible to spills. A qualified expert who uses reliable testing methodology may testify as to the safety of a defendant's choice of flooring, determined by the surface's coefficient of friction. *See, e.g.*,

6

*Great Am. Ins. Co. v. Cutrer*, 298 F.2d 79, 80-81 (5th Cir. 1962)[1] (noting that both the plaintiff and defendant presented expert evidence about the coefficient of friction on the steps and sidewalk where the plaintiff slipped and fell); *see also Santos v. Posadas de Puerto Rico Assocs., Inc.*, 452 F.3d 59, 63–64 (1st Cir. 2006) (approving the admission of expert testimony regarding the variable friction between the pool steps and their edges on the grounds that it was crucial to the plaintiff's theory of the case).

Because the jury was not allowed to consider evidence about whether the slip resistance of the flooring posed a danger to passengers aboard the *M/V Nautica*, it could not have found in Rosenfeld's favor with regard to her main negligence theory; matters of slip resistance and surface friction are "beyond the understanding and experience of the average lay citizen." *See United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985). Accordingly, we conclude that the district court erred by granting Oceania's motion to preclude Vournechis's proposed testimony.

Although the district court discussed only whether Vournechis's testimony would be helpful to a jury, Oceania advances a number of arguments on appeal

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions handed down by the Fifth Circuit before October 1, 1981.

concerning the reliability of Vournechis's methods. Specifically, Oceania argues that Vournechis's methods failed to accurately test for wet conditions, and that his conclusions were "imprecise and unspecific" and based on "incorrect assumption[s]" about the location of Rosenfeld's fall. However, based on the facts of this case, these arguments attack the weight and the persuasiveness of Vournechis's testimony, not its admissibility. Oceania can raise these arguments on retrial through "'vigorous cross-examination'" and "'presentation of contrary evidence.'" *Quiet Tech.*, 326 F.3d at 1346 (quoting *Daubert*, 509 U.S. at 596, 113 S. Ct. at 2798).

Finally, we cannot say that the district court's error was harmless. Because Rosenfeld was not allowed to admit evidence proving the inadequacy of Oceania's choice of flooring surface, the jury could not have found that the floor near the Terrace Café's buffet was necessarily unsafe when wet. Consequently, the jury was not able to consider whether Oceania's choice of ceramic-tile flooring caused Rosenfeld's injuries. This is particularly problematic in light of the negligence instruction given to the jury that "the plaintiff alleges that the injury was caused by Defendant's failure to choose an adequate flooring surface for the area where the accident occurred."

Accordingly, we conclude that a new trial is warranted; Rosenfeld is entitled to submit expert testimony regarding the adequacy of Oceania's choice of flooring surface.

**REVERSED AND REMANDED.**