[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15450
Non-Argument Calender
_____

D.C. Docket No. 1:11-cv-20546-JEM


ROBERT E. TARDIFF, JR.,
as Trustee for the Bankruptcy Estate of
Rhonda J. Bartlett,
RACHEL BOZELLA,
SIMON TURNER,

                                                    Plaintiffs - Appellants,

                          versus

GEICO INDEMNITY COMPANY,

                                                    Defendant - Appellee.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(July 19, 2012)

Before CARNES, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Robert Tardiff, as trustee for Rhonda Bartlett's bankruptcy estate; Rachel Bozzella, Bartlett's daughter; and Simon Turner appeal the judgment in favor of GEICO Indemnity Company on their insurance bad faith claims. They contend that a number of the district court's evidentiary rulings were erroneous and that the court should have given one of their proposed jury instructions.

I.

On September 28, 2002, Bozzella wrecked her mother's car. Turner was riding in the car and suffered serious injuries. The next day, Bozzella's mother reported the accident to GEICO, which insured the car under a policy with bodily injury liability limits of $10,000 per person and $20,000 per accident. The policy also had a personal injury protection limit of $10,000 and a medical payments limit of $5,000. GEICO created a claims file for the accident and assigned it to an adjustor named Vickie Peterson. GEICO then hired a lawyer, Curtright Truitt, to resolve any claims against Bozzella and Bartlett arising from the accident. Turner also hired a lawyer, Ronald Croft, to resolve his claims against Bozzella and Bartlett.

The claims adjustor, Peterson; GEICO's lawyer, Truitt; and Turner's lawyer, Croft, tried settle Turner's claims, but the three were unable to reach an agreement.

2

Turner then filed suit in Florida state court and won a judgment against Bozzella and Bartlett for $1,126,162.95, which exceeded the $10,000 bodily injury limit of Bartlett's insurance policy with GEICO.

Tardiff, Bozzella, and Turner, whom we will refer to collectively as "the plaintiffs," filed a diversity action against GEICO in federal district court asserting Florida state law claims of insurance bad faith.  They alleged that GEICO breached its fiduciary duty of good faith in handling Turner's claims against Bozzella and Bartlett.  The case went to trial.  The district court instructed the jury on Florida law about insurance bad faith, but the court's instructions did not include the plaintiffs' proposed instruction about how settlement agreements are formed and enforced under Florida law.  The jury found that GEICO did not act in bad faith, and the court entered a judgment in favor of GEICO.  The plaintiffs' appeal, contending that the court made a number of erroneous evidentiary rulings during trial and that it should have given their proposed jury instruction.

## II.

The first evidentiary ruling that the plaintiffs contend was error is the district court's decision to exclude the expert testimony of Richard Holbrook, an insurance consultant.  The plaintiffs wanted to call Holbrook to testify about industry standards for handling insurance claims.  The district court excluded

3

Holbrook's testimony after the plaintiffs proffered it at trial, explaining that "there's no question . . . that this is something that any normal person could figure out if [GEICO was] reasonable or unreasonable" and that "the expert testimony based on what I have been told so far . . . is basically telling [the jurors] how to do their job." The plaintiffs argue that Holbrook's testimony would have been helpful to the jury because expert testimony is "indispensable[] to establish the prevailing industry standards for the investigation and handling of claims in actions brought under Florida law." Appellant Br. 38.

We review only for abuse of discretion a district court's decision to exclude expert testimony. Rosenfeld v. Oceania Cruises, Inc., 654 F.3d 1190, 1192 (11th Cir. 2011) (quotation marks omitted). As we have stated:

> Under the abuse of discretion standard . . . there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. . . . The abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.

United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). In other words, we will defer to the district court's decision unless it is "manifestly erroneous." Rosenfeld, 654 F.3d at 1192 (quotation marks omitted).

In determining the admissibility of expert testimony, "trial courts must consider whether: (1) the expert is qualified to testify competently regarding the

4

matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." Frazier, 387 F.3d at 1260.  The district court excluded Holbrook's testimony based on the third factor, concluding that his testimony would not be helpful to the jury.  Expert testimony helps the jury "if it concerns matters that are beyond the understanding of the average lay person." Id. at 1262.

In Florida, an insurer has a fiduciary duty to act "in good faith and with due regard for the interests of the insured" when "handling the defense of claims against its insured." Bost. Old Colony Ins. Co. v. Gutierrez, 386 So. 2d 783, 785 (Fla. 1980).  That means "the insurer [must] advise the insured of settlement opportunities, . . . advise as to the probable outcome of the litigation, . . . warn of the possibility of an excess judgment, and . . . advise the insured of any steps he might take to avoid [the] same." Id.  The insurer must also "investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." Id.  To prove that an insurer acted in bad faith, thereby breaching its fiduciary duty, a plaintiff must prove that

5

the insurer did not "use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." Id.

The plaintiffs have not shown that the district court abused its discretion in concluding that Holbrook's testimony would not have been helpful to the jury in deciding whether GEICO breached its fiduciary duty of good faith. They concede that no Florida court has held that plaintiffs must present expert testimony to prove an insurer acted in bad faith. See Appellant Br. 38. Nor have they shown that "any normal person" would be unable to decide whether GEICO acted in bad faith without the assistance of expert testimony. Cf. Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 939 (10th Cir. 1994) ("[J]urors may properly be viewed as capable of evaluating good and bad faith (just as they regularly determine what constitutes the conduct of a 'reasonable' person) by bringing their own common sense and life experience to bear.").

### III.

We now turn to the district court's other evidentiary rulings that the plaintiffs contend were erroneous. We review only for abuse of discretion a district court's ruling on the admissibility of evidence, and "evidentiary rulings will be overturned only if the moving party establishes that the ruling resulted in a

6

substantial prejudicial effect." Molinos Valle Del Cibao, C. por A. v. Lama, 633
F.3d 1330, 1354 (11th Cir. 2011) (quotation marks omitted).

A.

The plaintiffs contend that the district court erred in allowing GEICO "to
elicit self-serving expert opinions from Ms. Peterson and M[r]. Truitt," who the
plaintiffs called as fact witnesses. Appellant Br. 44. The plaintiffs contention is
based on the following rulings of the district court. The court overruled the
plaintiffs' objections to Peterson's testimony about: (1) what she thought was the
most reasonable way for her to respond to Turner's settlement offer; (2) whether,
"in [her] experience handling the settlement claims on behalf of GEICO, . . . an
attorney who wanted specific statements from [GEICO's] insured typically ask[ed]
for them specifically"; and (3) whether a GEICO technical claims memoranda
applied to Turner's claim. The district court also overruled the plaintiffs'
objection to Truitt's testimony that he does not know what the term "general
release" means.

After reviewing Peterson's and Truitt's testimony, we conclude that they
testified as fact witnesses and confined their testimony to statements based on
their own experiences and personal knowledge. For that reason, the district court
did not err in overruling the plaintiffs' objections to Peterson's and Truitt's

7

testimony.

## B.

The plaintiffs next contend that the court erred in sustaining GEICO's objections to two questions that the plaintiffs asked Truitt:  (1) "Does the policyholder . . . have any ability to control what GEICO does insofar as responding to settlement offers?" and (2) "What would have happened if Mr. Turner had executed th[e] release [Peterson sent him] insofar as recovering additional benefits from GEICO?"  They also contend that the court erred in sustaining GEICO's objections to two questions that they asked Croft:  (1) "When you make a settlement offer to an insurance company, how can it be accepted?" and (2) "If GEICO had accepted your February 4, 2004 settlement offer, could Mr. Turner change his mind and back out of the offer?"  The plaintiffs argue that by not allowing them to ask those questions of Truitt and Croft, the court "precluded [them] from eliciting expert-type testimony from fact witnesses as [the court] had allowed GEICO to do" from Peterson and Truitt.  Appellant Br. 46.  That argument fails because, as we have just explained, the district court did not allow GEICO to elicit expert testimony from Peterson and Truitt.

## C.

The last evidentiary ruling that the plaintiffs contend was error was the

8

court's decision to admit into evidence two documents indicating that Turner had assigned to medical-care providers his right to receive payments under his personal injury protection coverage. The plaintiffs objected at trial, arguing that the documents are irrelevant,[1] but the court overruled that objection. We cannot conclude that the court's ruling was an abuse of discretion because, even if the document's were irrelevant, the plaintiffs have not shown that the documents' admission had a "substantial prejudicial effect." Molinos Valle Del Cibao, C. por A., 633 F.3d at 1354 (quotation marks omitted).

IV.

Finally, we turn to the plaintiffs' contention that the district court should have given their proposed jury instruction about how settlement agreements are formed and enforced under Florida law. The plaintiffs argue that without the instruction the jury "had no basis to understand the reason why Mr. Turner's claim was not settled was because GEICO did not properly accept Mr. Turner's offer." Appellant Br. 51. We review only for abuse of discretion a district court's jury instruction rulings. Shaps v. Provident Life & Acc. Ins. Co., 244 F.3d 876, 887

---

[1] The plaintiffs also argue that "any probative value of the [documents] was substantially outweighed by the danger of unfair prejudice . . . under Federal Rule of Evidence 403." Appellant Br. 53. The plaintiffs waived that argument because they objected to the admission of the documents only on relevancy grounds in the district court. See Judd v. Rodman, 105 F.3d 1339, 1342 (11th Cir. 1997) ("[A]n objection on specific grounds does not preserve the error for purposes of appeal on other grounds.").

(11th Cir. 2001).  A district court abuses its discretion by refusing to give a requested jury instruction "only if:  (1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1350 (11th Cir. 2004).

The plaintiffs have not shown that their proposed instruction dealt with an issue properly before the jury.  The issue before the jury was whether GEICO acted in bad faith in handling Turner's claim against Bozzella and Bartlett, and the jury was properly instructed on insurance bad faith.  Whether GEICO's response to Turner's offer was a legally sufficient acceptance was not an issue properly before the jury.  And even if it was, the plaintiffs have not shown that they were prejudiced by the court's failure to give their proposed instruction.[2]

V.

For the reasons we have discussed, we affirm the judgment of the district court.

**AFFIRMED.**

---

[2] The plaintiffs also contend that the cumulative effect of the district court's erroneous rulings deprived them of a fair trial, but "[w]ithout harmful errors, there can be no cumulative effect compelling reversal."  See United States v. Barshov, 733 F.2d 842, 852 (11th Cir. 1984).