[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11630
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00381-C

ANGELA GARRISON,

                                        Plaintiff - Appellant,

versus

SAM'S EAST, INC.,
SAM'S EAST, INC.,
d/b/a Sam's Club,
WAL-MART STORES EAST, INC.,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 1, 2019)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

In this slip-and-fall case, Angela Garrison appeals the district court's (1) exclusion of evidence, (2) limitation on discovery, and (3) grant of summary judgment in favor of defendants Sam's East, Inc.—doing business as Sam's Club—and Walmart on her premises-liability claims for negligence and wantonness. After careful review, we affirm.

## I

The facts of this case are straightforward. After purchasing a fountain drink from the Sam's Club cafe, Garrison fell as she turned away from the counter. After the fall, she felt wet and observed liquid on the floor that extended underneath the counter. She also saw a mop behind the counter. Walmart employees cleaned up the area using cones, paper towels, and the mop. Five months after the fall, Garrison sent Sam's a letter demanding that it preserve all video evidence of the incident. Unfortunately, the video system retains footage for only three months, and as a result some (but not all) of the pertinent video had already been overwritten. Ultimately, neither the remaining surveillance video nor any witness has been able to identify the source of the liquid or how long it had been on the floor. Nor could anyone describe the nature or size of the spill.

Garrison filed suit asserting premises-liability claims for negligence and wantonness. During proceedings below, the district court excluded Garrison's out-of-court statements to her insurance claims adjuster as hearsay and denied her

2

motion to compel discovery into whether Walmart remodeled the store after the incident, possibly as a subsequent remedial measure. She now appeals these orders,[1] as well as the district court's ultimate grant of summary judgment in favor of defendants on all claims, arguing that there is sufficient evidence of negligence and wantonness, including the alleged spoliation of the video footage, to survive summary judgment.

## II

Garrison's arguments that the district court erred in its evidentiary and discovery orders are without merit. We review a district court's exclusion of evidence for abuse of discretion. *Rosenfield v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1192 (11th Cir. 2011) (concerning the admission of expert testimony in slip-and-fall liability case). Garrison argues that the district court erred in excluding the recording of a telephone conversation between herself and a claims adjuster, which she maintains should have been admitted under the recorded-recollection hearsay exception in Federal Rule of Evidence 803(5). A recorded recollection

---

[1] In her reply brief, Garrison also argues that the district court erred in sustaining Sam's objection to a surreptitiously recorded phone conversation. Because she failed to clearly raise this issue in her opening brief, it is abandoned. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise the issue—even if properly preserved at trial—will be considered abandoned."); *see also, e.g., Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1542 (11th Cir. 1994) (citation omitted) ("Issues that clearly are not designated in the initial brief ordinarily are considered abandoned."). The district court also observed "that the submitted evidence, even if considered by the Court, would not change the outcome here."

must be "made or adopted by the witness when the matter was fresh in the witness's memory." Fed. R. Evid. 803(5)(B). The recording here was made five months after the incident. It was not "manifestly erroneous" for the district court to determine that the recording should not be admitted, and so we affirm its exclusion. *Rosenfield*, 654 F.3d at 1192 (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997)).

When reviewing a district court's denial of a motion to compel discovery, we likewise apply an abuse-of-discretion standard that affords the district court a wide "range of choice" that we will not second-guess absent "a clear error of judgment." *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006) (quotation omitted). No such abuse occurred here. Federal Rule of Evidence 407 prohibits the admission of evidence pertaining to subsequent remedial measures in order to prove negligence or culpable conduct. Although Garrison argues that it should have nonetheless been admitted for impeachment purposes, we cannot say that the district court abused its discretion in denying her motion to compel.

## III

We review the district court's grant of summary judgment de novo, and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). "Summary judgment is appropriate if the evidence establishes no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (internal quotation marks and citation omitted).

A plaintiff alleging negligence in a premises-liability suit under Alabama law must establish "duty, breach of duty, cause in fact, proximate or legal cause, and damages." *Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 314 (Ala. 2000) (quotation omitted). At summary judgment, "the plaintiff bears the burden of presenting substantial evidence as to each disputed element of her claim." *Id.* (citation omitted). "There is no presumption of negligence which arises from the mere fact of an injury to an invitee." *Id.* (quoting *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978)).

The district court properly rejected Garrison's negligence claim because, at the end of the day, she offered only her own speculation about the cause of the fall, and speculation is insufficient to overcome a summary judgment motion. *See Id.* at 315; *see also Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("[U]nsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a *genuine* issue of fact; instead it creates a false issue, the demolition of which is a primary goal of summary judgment." (emphasis and ellipses in original)). The district court correctly concluded that "Garrison's theory of liability"—that a Sam's

employee's cleaning supplies spread from behind the counter to the customer area—"does not rise above the level of speculation and guesswork, which is insufficient to survive summary judgment."  Garrison's separate argument that Sam's should be held liable based on alleged spoliation of evidence is grasping at straws.  She did not alert Sam's to the need to preserve the video until nearly half a year had elapsed, and Sam's still managed to recover key camera angles despite this delay.  Because Garrison cannot identify the source of the liquid or how long it had been on the floor, let alone who is responsible for the spill, her claim for negligence fails.

Garrison's claim for wantonness fails for the same reason.  Although wantonness under Alabama law "is not merely a higher degree of culpability than negligence," *Ex parte Anderson*, 682 So. 2d 467, 470 (Ala. 1996) (quotation omitted), the fact that Garrison has not brought forward any evidence tending to show Defendants' knowledge of the spill is equally conclusive of both claims. "The defendants' knowledge of a dangerous condition, prior to the accident, is the most crucial element of wantonness."  *Christian v. Kenneth Chandler Const. Co., Inc.*, 658 So. 2d 408, 411 (Ala. 1995).  Garrison's claim is supported by nothing more than speculation, and therefore we affirm the district court's grant of summary judgment to defendants.

After careful review, we affirm the district court's grant of summary judgment and associated rulings.

**AFFIRMED.**