[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11134
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00020-N


MARY GILES,
HENRY STEPHENS,

Plaintiffs-Appellants,

versus

WINN-DIXIE MONTGOMERY, LLC,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 8, 2014)


Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this slip-and-fall case, Plaintiffs Mary Giles and her husband, Henry Stephens, appeal (1) the district court's grant of summary judgment in favor of Winn-Dixie Montgomery, LLC and (2) the district court's denial of Plaintiffs' Fed.R.Civ.P. 59(e) motion to amend the judgment.  No reversible error has been shown; we affirm.

On the day of the incident, Plaintiffs were shopping in a Winn-Dixie store. After standing in the checkout lane with her husband for a couple of minutes, Giles turned and walked 127 feet across the store to the drink aisle.  Giles picked up two twelve-packs of soda, turned to return to the checkout lane, but fell in the drink aisle.  Giles suffered serious injuries as a result of her fall.

Plaintiffs filed this civil action against Winn-Dixie in Alabama state court, asserting claims for negligence, wantonness, and loss of consortium.  After the case was removed to federal court, the district court granted Winn-Dixie's motion for summary judgment.  The district court also denied Plaintiffs' motion to reconsider pursuant to Rule 59(e).

We review the district court's grant of summary judgment de novo, and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party.  Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007).  "Summary judgment is appropriate if the evidence establishes 'no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003).  And we review the denial of a Rule 59(e) motion under an abuse-of-discretion standard.  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)

To establish negligence in a premises-liability case under Alabama law, Plaintiffs must establish "duty, breach of duty, cause in fact, proximate or legal cause, and damages."  See Ex parte Harold L. Martin Distributing Co., Inc., 769 So. 2d 313, 314 (Ala. 2000).  "There is no presumption of negligence which arises from the mere fact of an injury to an invitee."  Id.

Plaintiffs' original theory was that Giles slipped and fell in a liquid that had been spilled in Winn-Dixie's drink aisle.  Several months into the litigation, however, Plaintiffs abandoned that theory.  Instead, Plaintiffs now contend that a Winn-Dixie employee left mop water on the floor of the checkout lane and that Giles "unknowingly stood in that water for approximately two minutes" and then walked to the drink aisle "where the water on her shoes caused her to slip and fall."

In support of their theory, Plaintiffs rely solely on video surveillance showing a Winn-Dixie employee mopping the floor of the checkout lane and drying the floor with a paper towel shortly before Plaintiffs entered the lane. Plaintiffs contend that, after drying the floor, the employee rested the wet mop on

3

the floor where Giles later stood when she entered the checkout lane, before going back to the drink aisle.

But the video surveillance does not show clearly whether the employee actually let the mop down on (or drip on) the floor after the floor had been dried with a paper towel or, if the employee did, whether Giles actually stepped in the same area where the mop would have touched or dripped. And Plaintiffs have submitted no other evidence or testimony that the floor of the checkout lane was in fact wet or that Giles's "Crocs"-brand shoes felt or sounded wet at any time before her fall. Thus, Plaintiffs' contention that Giles stepped in a wet spot on the floor of the checkout lane is entirely speculative. And a plaintiff's speculation about the cause of a fall is insufficient evidence to overcome a summary judgment motion. See Ex parte Harold L. Martin Distributing Co., Inc., 769 So. 2d at 315; see also Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) ("unsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.").

Even if we assume arguendo that the checkout lane floor was wet, and that Giles actually stepped into the wet area, Plaintiffs have not demonstrated a causal connection between the alleged wet floor and Giles's ultimate fall. Plaintiffs

4

speculate about a "possible" explanation for the fact that Giles was able to walk 127 feet without slipping and without noticing that her shoes were wet, before falling in the drink aisle minutes later.  In essence, Plaintiffs contend that Giles's shoes "could have" absorbed the water from the checkout lane floor (like sponges) and then "could have" released the water when Giles was in the drink aisle (either due to the added weight of the two twelve-packs of drinks or due to Giles's standing in one place and allowing the water to accumulate), causing her to slip and fall.  Plaintiffs' theory about what "could have" happened is too speculative to survive summary judgment.

Moreover, proving such a theory of absorption and delayed release of water would involve scientific, technical or specialized knowledge outside the scope of a layperson's understanding and, thus, would require expert testimony.  See Fed.R.Evid.701(c) (lay witness opinion must "not [be] based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [governing expert witness testimony]").  And Plaintiffs have offered no evidence in support of their theory, expert or otherwise.

Plaintiffs have failed to establish a genuine issue of material fact about whether Winn-Dixie breached its duty of care or whether Winn-Dixie's alleged breach caused Giles's fall.  Thus, Winn-Dixie was entitled to summary judgment on Plaintiffs' negligence claim.

In addition, nothing evidences that Winn-Dixie, or its employees, committed a conscious or intentional act with knowledge that injury was likely to occur or that actually caused Giles's injury.  Surveillance footage shows that Winn-Dixie's employee chained off the checkout lane before mopping and drying the floor with a paper towel.  Thus, Winn-Dixie is entitled to summary judgment on Plaintiffs' wantonness claim.*  See Alfa Mut. Ins. Co. v. Roush, 723 So. 2d 1250, 1256 (Ala. 1998) (defining "wantonness" as "the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.").

Because Giles's negligence and wantonness claims do not survive summary judgment, neither does Stephens's loss of consortium claim.  See Ex parte N.P., 676 So. 2d 928, 930 (Ala. 1996) (under Alabama law, loss of consortium claims are derivative of the claims of the injured spouse and, thus, to recover for loss of consortium, plaintiffs must prove, as a threshold matter, that their spouse's injury was caused by defendant's wrongful acts).

Because Plaintiffs failed to identify intervening law, newly-discovered evidence, or manifest errors of law or fact in the district court's summary judgment order, the district court abused no discretion in denying Plaintiffs' Rule 59(e)

---

* On appeal, Plaintiffs allege that Winn-Dixie trained properly its employees on proper floor maintenance and, thus, seem to have abandoned their failure to train claim.

6

motion.  See Arthur, 500 F.3d at 1343 ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.  A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (alterations and citations omitted).

AFFIRMED.